IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANNA MACCLELLAND, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 18-4913 |
| | : | |
| ANDREW SAUL,[1] | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                              July 28, 2020

This action was brought pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final

decision of the Commissioner of the Social Security Administration (the "Commissioner"), which

denied the application of Joanna MacClelland ("Plaintiff" or "MacClelland") for Disability

Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 301, *et seq.* (the

"Act").  Presently before the Court is Plaintiff's "Brief and Statement of Issues on Appeal" ("Pl.

Br.") (Doc. 17), "Defendant's Response to Request for Review of Plaintiff" ("Def. Br.") (Doc.

18), and "Plaintiff's Reply Brief" ("Pl. Reply") (Doc. 21); together with the record of the

proceedings before the Administrative Law Judge ("ALJ") (Doc. 9).  Plaintiff requests that "the

plaintiff be awarded disability from April 1, 2014, or, in the alternative, that the decision be vacated

and the matter be remanded to the Commissioner for reconsideration of the plaintiff's residual

functional capacity prior to September 16, 2016."  (Pl. Br. at 14).  The Commissioner seeks the

---

[1] Andrew Saul became the Acting Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul should be substituted for the former Acting Commissioner, Nancy A. Berryhill, as the defendant in this action. No further action need be taken to continue this suit pursuant to section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

entry of an order affirming the decision of the ALJ.  (Def. Br. at Prop. Order).  For the reasons set out below, we will grant Plaintiff's request for remand.

## I.      FACTUAL AND PROCEDURAL HISTORY

The request for review presently before the Court concerns an administrative decision rendered by an ALJ on July 12, 2017, which resolved Plaintiff's claim for DIB filed on September 22, 2014.  The state agency had denied her application on March 10, 2015, and she requested a hearing before an ALJ on April 27, 2015.  (R. 14).  The matter proceeded to a hearing before an ALJ on April 5, 2017 where MacClelland was represented by counsel.  MacClelland testified at the hearing, as did a vocational expert ("VE").  (*Id.*).

In her application for benefits MacClelland alleged disability beginning April 1, 2014, her last day of work.  (R. 223).  She listed her impairments as asthma, depression, anxiety, and possible COPD.  (*Id.*).  She noted that she stopped working due to her conditions.  (*Id.*).

The record includes an expert report from Dr. Ziba Monfared, dated February 18, 2015, following referral from the Bureau of Disability Determination and an "internal medicine examination."  (R. 488).  Dr. Monfared diagnosed Plaintiff with asthma, chronic bronchitis, depression, posttraumatic stress disorder with panic disorder, and hypercholesterolemia.  This report included a "Medical Source Statement of Ability to do Work-Related Activities," which indicated physical and environmental limitations, including that MacClelland can "never" tolerate exposure to "dust, odors, fumes and pulmonary irritants."  (R. 498).

Dr. Jennifer B. Wilson provided her analysis of the case in the "Disability Determination Explanation."  (R. 77).  This report indicated that Plaintiff had asthma, affective disorders, and anxiety disorders.  (R. 82).  She noted particular limitations, including "postural limitations" like

climbing, balancing, stooping, kneeling, crouching, and crawling,[2] which were all limited to "occasionally." (R. 85). With respect to environmental limitations, Dr. Wilson noted that for "[e]xtreme cold"; "[f]umes, odors, dusts, gases, poor ventilation, etc."; and "[h]azards (machinery, heights, etc.)," and Plaintiff should "[a]void even moderate exposure." (R. 85). She also "noted and considered" Dr. Monfared's report, and characterized it as including "occasional postural limitations and occasional environmental limitations." (R. 86).

On July 12, 2017, the ALJ issued her decision awarding MacClelland benefits beginning on September 16, 2016, and finding that she was "not disabled" prior to that date for the alleged period beginning April 1, 2014 until September 16, 2016. MacClelland sought review in the Appeals Counsel but that body declined to disturb the ALJ's decision, rendering it the final decision of the Commissioner. (R. 2). This litigation followed.[3] On November 13, 2018, this case was "assigned to United States Magistrate Judge David Strawbridge, for final disposition, upon consent of the parties" and on November 21, 2018, Plaintiff consented to the jurisdiction of a United States Magistrate Judge. (Doc. 3, 4).

## II.    STANDARD OF REVIEW

This Court must determine whether substantial evidence supports the Commissioner's decision. 42 U.S.C. § 405(g); *Rutherford v. Barnhart*, 399 F. 3d 546, 552 (3d Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to

---

[2] These specific activities are from a list that indicates to "[r]ate the individual's postural limitations," and each of these was designated "occasionally." (R. 85).

[3] MacClelland sets forth two bases for her request that the Court reverse in part the ALJ's decision. First, she asserts that the ALJ erred in "in formulating a residual functional capacity that would require the plaintiff, who suffers from severe asthma with bronchial spasms and chronic obstructive pulmonary disease, to be exposed to pulmonary irritants for a third of the day." (Pl. Br. at 3). Second, she asserts that "the ALJ fail[ed] to properly consider the impact of plaintiff's obesity as required by SSR 02-1p." (*Id.*).

support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003). Substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of evidence." *Rutherford*, 399 F.3d at 552. The factual findings of the Commissioner must be accepted as conclusive, provided they are supported by substantial evidence. *Richardson*, 402 U.S. at 390 (citing 42 U.S.C § 405(g); *Rutherford*, 39 F.3d at 552). The review of legal questions presented by the Commissioner's decision, however, is plenary. *Shaudeck v. Commissioner of Social Security Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).

### III.   DECISION UNDER REVIEW

The issue before the ALJ at the time of the decision was whether MacClelland had been disabled within the meaning of the Act at any time since the alleged onset date of April 1, 2014. In making this determination, she relied upon the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a). At Step One, the ALJ found that she had not engaged in substantial gainful activity at any time since the alleged onset date. (R. 16). At Step Two, she found that MacClelland had demonstrated that she suffered from "severe impairments" beginning at the alleged onset date of April 1, 2014 including "asthma with bronchial spasms; chronic obstructive pulmonary disease (COPD); obstructive sleep apnea; fibromyalgia; headaches; obesity; dysthymia; major depressive disorder; an anxiety disorder; a trauma and stress related disorder." (*Id.*). She found that beginning on September 16, 2016 MacClelland "had the additional severe impairments: ambulatory dysfunction with transient ischemic attack and disorders of the cervical spine with cord compression myelopathy." (*Id.*). Plaintiff does not challenge these findings.

At Step Three, the ALJ concluded that MacClelland did not have an impairment or combination of impairments that satisfy the criteria of the listed impairments in 20 C.F.R. § 404,

Subpart P, Appendix 1, and therefore could not establish her entitlement to benefits on that basis, requiring that the evaluation process continue.  (R. 18).

The ALJ then considered MacClelland's residual functional capacity ("RFC"), which is defined as "the most [a claimant] can do despite [his] limitations." 20 C.F.R. § 416.945(a)(1).  The ALJ determined that MacClelland was disabled beginning September 16, 2016 based on a RFC finding limiting her to "sedentary work" with a series of additional restrictions.  (R. 27).   Before that date, she made the following finding:

> **5.  After careful consideration of the entire record, I find that prior to September 16, 2016, the date the claimant became disabled, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: she could occasionally balance, stoop, kneel, crouch crawl, and climb ramps and stairs; never climb ladders, ropes, or scaffolds; had to avoid more than occasional exposure to extreme cold, humidity, fumes, odors, dust, gases, poor ventilation, and hazards including moving machinery and unprotected heights; and she was limited to unskilled work with routine, repetitive tasks performed in a low stress environment (defined as no frequent changes in the work setting) with occasional interaction with the public, coworkers, and supervisors."**

(*Id.*).  At Step Four, the ALJ determined that Plaintiff had "been unable to perform any past relevant work."  (R. 28).  The ALJ proceeded to Step Five, and concluded that beginning on September 16, 2016 MacClelland was disabled, but that "[p]rior to September 16, 2016, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed."  (R. 29).  The ALJ supported this finding with the testimony of the VE, who indicated that Plaintiff would be able to perform occupations including "Assembler, Plastic Hospital Parts," "Inspector Hand Packager," and "Sorter I."  (*Id.*).  Thus, the ALJ made a finding of "not disabled" prior to September 16, 2016.  (R. 30).

## IV.    DISCUSSION

Plaintiff contents that the ALJ erred in finding her "not disabled" beginning on the alleged onset date of April 1, 2014.  Specifically, Plaintiff argues that the ALJ erred in formulating an RFC that allows for "occasional" exposure to pulmonary irritants.  (Pl. Br. at 3).  We first discuss the ALJ's decision, then set out details from expert reports, and conclude that there is basis for remand.

In her decision the ALJ discussed expert opinions on Plaintiff's pulmonary issues in reports by Dr. Monfared and Dr. Wilson.  (R. 24–25).  The ALJ awarded "little weight" to Dr. Monfared, explaining that this was due to Dr. Monfared basing her assessment "on a one-time evaluation of the claimant," and due to specific inconsistencies between the report and the record.  (R. 25).  She awarded "significant weight" to Dr. Wilson, stating that "her explanation, which is a [sic] based on the objective medical record, supports her opinion."  (R. 24).

The Bureau of Disability Determination referred MacClelland to Dr. Monfared for an "internal medicine examination," which was conducted for "consultative" purposes.  (R. 488, 491).  She completed a report, dated February 18, 2015.  (R. 488).  This report included a "Medical Source Statement of Ability to do Work-Related Activities," in which Dr. Monfared limited Plaintiff's capacity for exposure to environmental conditions, stating that she could "never" be exposed to "dust, odors, fumes and pulmonary irritants."  (R. 498).

On January 9, 2015, Dr. Wilson provided analysis of the record in MacClelland's case in the "Disability Determination Explanation" and on March 10, 2015 added additional notes and findings to this report.  (R. 77, 87).  Dr. Wilson did not have the benefit of examining Plaintiff, but upon review of the record indicated that Plaintiff had asthma, affective disorders, and anxiety disorders.  (R. 82).  She set out particular limitations, including environmental limitations.  (R. 85).  Dr. Wilson concluded that for "[e]xtreme cold"; "[f]umes, odors, dusts, gases, poor ventilation, etc."; and "[h]azards (machinery, heights, etc.) Plaintiff should "[a]void even moderate

exposure."[4]  (R. 85).  In a note dated March 10, 2015, she wrote that she "noted and considered" Dr. Monfared's report and described it as including "occasional postural limitations and occasional environmental limitations."  (R. 86).

We cannot accept Dr. Wilson's characterization of Dr. Monfared's report.  Dr. Wilson's note says that Dr. Monfared's report included "occasional environmental limitations," when, in fact, Dr. Monfared's report stated that MacClelland could "never" be exposed to "dust, odors, fumes and pulmonary irritants."  (R. 86, 498).  "Occasional" in this context means one-third of the time, and is so defined in both Dr. Monfared's and Dr. Wilson's reports.  (R. 84, 494).  It goes without saying that there is a distinction between "one-third" of the time and "never."  (R. 494). As the ALJ awarded "significant weight" to Dr. Wilson's report in making her RFC determination restricting Plaintiff to "occasional exposure to extreme cold, humidity, fumes, odors, dust, gases, poor ventilation, and hazards including moving machinery and unprotected heights," the mischaracterization in Dr. Wilson's report undermines this finding.  (R. 20, 24).  The ALJ did not address this discrepancy between Dr. Monfared's report and Dr. Wilson's characterization of it. We find that the mischaracterization in Dr. Wilson's report, and the reliance of the ALJ on this report without recognition of this discrepancy, warrants remand.  As we have identified grounds for remand on this point, we will not address the merits of Plaintiff's one additional claim.[5]

---

[4] We note that instruction to "avoid even moderate exposure" does not seem to equate to a finding of capacity for "occasional" exposure, particularly in light of the specific definition given to "occasional" in the vocational setting and Dr. Wilson's use of the term "occasionally" in discussing other limitations.  (R. 85).

[5] Plaintiff's additional claim asked us to consider whether the ALJ failed to properly consider obesity as required by SSR 02-1p.  (Pl. Br. at 3).  Without going into detail, we note that Plaintiff has not asserted how her obesity interacted with other impairments or caused other impairments. Further, she did not articulate in her function reports nor in her hearing testimony the effect of her obesity on any other impairment.  Where a Plaintiff has not demonstrated how consideration of

V.      **CONCLUSION**

Based on the discrepancy between the record and the ALJ's characterization, remand is appropriate.  We thus will grant Plaintiff's request for review.  An appropriate order will follow.

BY THE COURT:


/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
United States Magistrate Judge

her obesity would affect the outcome of the case in any more than a "generalized" way, we could not find this as a basis for remand.  *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005).